JUDGE LONNY R. SUKO

JAMES B. KING, WSBA #8723
CHRISTOPHER J. KERLEY, #16489
EVANS, CRAVEN & LACKIE, P.S.
818 W. RIVERSIDE AVE.  #250
SPOKANE, WA 99201
PH: 509-455-5200

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBBIE DONOHUE, and all other similarly situated persons<br><br>                    Plaintiff,<br><br>vs.<br><br>QUICK COLLECT, INC. an Oregon Corporation, CA 00206<br>                    Defendant. | No.  CV-08-150-LRS<br><br>MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I.    <u>FACTS</u>

### A. <u>General nature of case and identity of parties</u>

This is a Fair Debt Collection Practices Act case and purported class action. It arises from the initiation of a collection action against plaintiff Debbie Donohue in Spokane County District Court. Quick Collect Inc. is a collection

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

agency and debt collector within the meaning of the FDCPA. It was the assignee of a debt incurred by Ms. Donohue and after sending the appropriate FDCPA notices to Ms. Donohue, Quick Collect Inc. engaged Gregory Nielson, P.S. to initiate a collection action against Ms. Donohue in Spokane County District Court. Gregory A. Nielson, P.S. did so, filing the action on January 18, 2008 and serving Ms. Donohue on January 30, 2008.

**B. <u>Pertinent facts</u>**

On or about October 26, 2007, the Children's Choice, a dental practice located at 605 E. Holland in Spokane, Washington, assigned to Quick Collect, Inc. an unpaid account owed by plaintiff Debbie Donohue for unpaid dental services.   The Children's Choice assigned principal in the amount of $270.99 together with Finance Charges totaling $24.07.

At the time of assignment, the Children's Choice also provided Quick Collect, Inc. with the Single Family Ledger reflecting dental services provided for or on behalf of Debbie Donohue, and payments on that account from October 31, 2006 to the time of assignment.

In addition, the Children's Choice provided to Quick Collect, Inc., the Office Financial Policy which reflects that the responsible party, Ms. Donohue

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

will be assessed a finance charge of 1-1/2% per month on all accounts due and owing for over 90 days and that all services provided by the Children's Choice are to be paid in full within 90 days of the date of service.

Upon receipt of the Assignment, Quick Collect, Inc. mailed, first class postage prepaid, a Formal Demand Statement to Debbie Donohue at 5511 N. Greenwood Boulevard, Spokane, Washington 99205.

As part of the Assignment to Quick Collect, Inc., Children's Choice Dentistry also assigned, in addition to a principal amount of $270.99, finance or late charges from the date of Ms. Donohue's last payment on or about April 24, 2007 through October 10, 2007, totaling $24.07.

Upon receipt of the Assignment and in connection with the mailing of the Formal Demand Statement, Quick Collect, Inc. computed interest on the assigned amounts at twelve percent (12%) per annum, or $2.23 and informed Ms Donohue, in Exhibit D that the total due and owing was $297.29.

The Formal Demand Statement was never returned to Quick collect, Inc. as being undeliverable, nor was Quick  Collect, Inc informed that it was refused or that the addressee had moved and left no forwarding address.

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 3

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

The Formal Demand Statement requires the addressee to notify Quick Collect, Inc., contending that the debt referred to in it was invalid or that it was the subject of dispute.

Having heard nothing from Ms. Donohue in response to the Formal Demand Statement, Quick Collect, Inc. referred this matter to Gregory A. Nielson, P.S. to commence litigation to collect the amounts due.

On or about January 18, 2008, Gregory A. Nielson filed a Summons and Complaint on Quick Collect, Inc.'s behalf against Debbie Donohue in the District Court of Spokane County, Washington under Cause No. 28098575.

On or about January 30, 2008, Ms. Donohue was served with the Summons and Complaint at the address of 5511 N. Greenwood Boulevard in Spokane, Washington, the same address to which the Formal Demand Statement had been mailed. Service was made by personally serving Debbie Donohue.

The Complaint seeks recovery of the assigned principal amount of $270.99, together with assigned finance or late charges of $24.07, as assigned and transferred by the Children's Choice, together with $9.71 interest on $271.99 at the rate of twelve percent (12%) per annum from April 24, 2007 to the date of

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 4

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

the filing of the Complaint on January 18, 2008, for a total of finance, late charge and interest of $33.78.

On or about February 7, 2008, Quick Collect, Inc. received a check from Ms. Donohue dated January 25, 2008.  The check was made payable to Quick Collect, Inc. in the amount of $300.23 for Quick Collect's account number 145817.  This matter had already been placed in litigation and due to the failure of Ms. Donohue to respond to the correspondence sent on October 26, 2007, Quick Collect referred the check to Gregory A. Nielson, P.S. for a response.

Gregory A. Nielson then corresponded with Ms. Donohue on February 7, 2008 in which Ms. Donohue was advised that due to her earlier failure to respond, additional amounts were due and owing.

On or about February 14, 2008, Ms. Donohue entered a Notice of Appearance through her attorney, Michael L. Beyer.  In terms of its communication with Ms. Donohue on October 26, 2007, and in the Summons and Complaint filed by Quick Collect, Inc.'s counsel on January 18, 2008, interest at the rate of twelve percent (12%) was computed on the assigned amount from the Children's Choice, including the principal and unpaid late charges.  Those amounts are accurately set forth in the letter of October 26, 2007,

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 5

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

to Ms. Donohue and in the Complaint filed by Gregory A. Nielson, P.S. on

January 18, 2008.

## II.  RELIEF REQUESTED

Quick Collect respectfully requests that the Court enter an order dismissing all claims and causes of action brought by the Plaintiff because Quick Collect did not violate 15 U.S.C. §1692e, 1692f or RCW 19.16.250 or 19.86 et seq.

## III.  ARGUMENT AND AUTHORITIES

**A.    Quick Collect Did Not Violate 15 U.S.C. §1692e**

In her Complaint, Plaintiff alleges Quick Collect violated 15 U.S.C. §1692e by charging more interest than the highest permissible rate. But Plaintiff misconstrues Washington's usury statute.

Plaintiff relies on RCW 19.52.020, which states, in pertinent part:

> Any rate of interest shall be legal so long as the rate of interest does not exceed the higher of: (a) 12% per annum; of (b) 4 percentage points above the equivalent coupon issue yield (as published by the board of governors of the federal reserve system) of the average bill rate for 26 week treasury bills as determined at the first bill market auction conducted during the calendar month immediately preceding the later of (i) the establishment of the interest rate by written agreement of the parties to the contract, or (ii) any adjustment in the interest rate in the case of a written agreement permitting an adjustment in the interest rate.  No person shall directly or indirectly take or receive in money, goods, or things in action or in any other way, any greater interest

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

> for the loan or forbearance of any money, goods, or things in action <u>any greater interest for the loan or forbearance of any money, goods, or things in action</u>…

By its plain terms, the statute applies only to "interest for the loan or forbearance of money, goods, or things in action." However, a late fee or finance charge on an overdue account balance does not implicate the usury statute because there is no "loan or forbearance." <u>See</u>, <u>Rangen, Inc. v. Valley Trout Farms, Inc.</u>, 104 Idaho 284, 658 P.2d 955 (1983) (one and a half percent per month charge applied to balance of past due account not in violation of usury statute because there was no loan or forbearance); <u>Southwest Concrete Products v.Gosh Construction Corp.</u>, 51 Cal.3d 701, 798 P.2d 1247 (1990) (finance charge of one and a half percent per month on unpaid account balance not violative of usury laws because there was no loan or forbearance); <u>Home Investment Company, Inc. v. Moses</u>, 96 Nevada 326, 608 P.2d 503 (1980) (late charges of one and a half percent per month imposed on construction company for past due balance on cost of materials not usurious, as there was no loan of money but merely a contract of sale providing for assessment of reasonable late charge to induce timely payment of obligation).

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 7

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

In the instant case, Plaintiff entered into a contract with Children's Choice, defendant's assignor, under which she agreed that all services were due to be paid in full within ninety (90) days of the date of service, and that a finance charge of one and a half percent per month would be applied to all accounts over ninety days. Because there was no "interest" charged on a "loan or forbearance", Washington's usury statutes, specifically RCW 19.52.010 and .020, are inapplicable.

In addition to the late charge levied by Children's Choice, Quick Collect charged 12% on the assigned amount from Children's Choice, which included the principal and unpaid late charges. This interest, at 12%, was in full compliance with Washington law.

In sum, Quick Collect did not charge more interest in the highest permissible rate, and, accordingly, Plaintiff's claim that Quick Collect violated 15 U.S.C. §1692e is unfounded.

**B.    <u>Mr. Nielson did not misrepresent the amount of interest being pursued.</u>**

Generally, a debt collector may reasonably rely upon information provided by a creditor who has provided accurate information in the past. <u>Clark v. Capitol Credit & Collection</u>, 460 Fed.3d 1162, 1173 (9th Circ. 2006), citing <u>Beattie v.</u>

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

DM Collections, Inc., 754 Fed.Supp. 383, 392 (D.Del. 1991). The FDCPA does not impose upon a debt collector any duty to investigate independently the claims presented by the creditor. Id., citing Ducrest v. Alco Collections, Inc., 931 Fed.Supp. 459, 462 (MDLA 1996).

In the instant case, the $270.99 principal balance figure, the date of last payment, April 24, 2007, assigned late charges of $26.30 at the agreed rate (computed by Drs. Toillion and Garabedian at 1 ½ per month per annum) were all taken directly from documents provided by Drs. Toillion and Garabedian to Quick Collect, Inc. Additional post assignment interest charges of $6.59 were computed at 12% per annum by Quick Collect, Inc. All figures and dates included in the collection action complaint, prepared by Mr. Nielson's office, were taken directly from information provided by the creditor to Quick Collect, Inc. and then forwarded to Mr. Nielson. Quick Collect had no independent duty to investigate the accuracy or characterization of these amounts. Accordingly, even if these figures were in error, Quick Collect cannot be held liable, therefore, under the FDCPA.

Moreover, the information regarding Ms. Donohue's debt that was set forth in the collection Complaint was not false, deceptive or misleading.

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 9

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

"Legislative history indicates that Congress enacted the FDCPA to protect consumers from 'improper conduct' and illegitimate collection practices without imposing unnecessary restrictions on ethical debt collectors."  <u>Clark v. Capitol Credit and Collection Services, Inc.</u>, 460 F.3d 1162, 1169-70 (9th Cir. 2006). The Court should not construe the FDCPA to produce a result "demonstrably at odds with the intention of its drafters."  460 F.3d at 1169.  The Court is not required to interpret a statute "in a formalistic manner when such an interpretation would produce a result contrary to the statute's purpose or lead to unreasonable results." <u>Id</u>.

Here, branding the collection Complaint as false, misleading or deceptive, simply because the $32.89 figure was not further broken down into Dr. Garabedian's late charge ($26.30) and the post-assignment 12% interest charged by Quick Collect, Inc. ($6.59) would be an overly formalistic interpretation of the FDCPA which would lead to unreasonable results.

In judging whether the actions of a debt collector were confusing or misleading, the Court asks whether the least sophisticated debtor would be able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process.  <u>Clark</u>, <u>supra</u>, at 1171.  But in

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

crafting this standard, courts have been careful to preserve the concept of reasonableness. McStay v. I.C. System, Inc., 308 F.3d 188, 190-91 (2nd Cir. 2002).

The Complaint seeks recovery of the assigned principal amount of $270.99, together with assigned finance or late charges of $24.07, as assigned and transferred by the Children's Choice, together with $9.71 interest on $271.99 at the rate of twelve percent (12%) per annum from April 24, 2007 to the date of the filing of the Complaint on January 18, 2008, for a total of finance, late charge and interest of $33.78.

Here, the Complaint clearly identified the principal amount of the debt and the total charges that were being applied in addition to the principal amount. The Complaint's failure to break down the $32.89 into the late charge imposed by Dr. Garabedian's office and the post-assignment interest imposed by Quick Collect, Inc., did not render the Complaint misleading, deceptive or confusing, even to the most unsophisticated debtor, and reasonable minds could not differ on this point.

On the issue of whether the Complaint was false, deceptive or misleading because it did not further break down the $32.89, Goray v. Unifund CCR

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 11

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

Partners, 2007 W.L. 4260017 (D. Hawaii 2007) is particularly germane. There, the plaintiff claimed notice sent by the debt collector was deceptive because the amount of the debt was not further broken down into interest and principal. Applying the "least sophisticated debtor" standard, the court concluded there was nothing confusing or misleading about the notice.   In the instant case, the Complaint did not set forth amounts that Quick Collect, Inc. was not entitled to recover. And the Complaint clearly set forth the amount of the principal debt and other, collectible charges.   Consistent with Goray, a breakdown of the $32.89 amount was not required, and, read as a whole, the Complaint was not deceptive or misleading, even to the most unsophisticated debtor.

## C.    Quick Collect did not violate RCW 19.16.250

Plaintiff contends Quick Collect violated RCW 19.16.250 in its communications with her. Plaintiff's Complaint does not specify the "prohibited practice" under RCW 19.16.250 in which she claims Quick Collect engaged. However, that statute, generally, requires a collection agency, in its communication(s) with debtors, to accurately set forth charges added to the original obligation by the original creditor before the matter was received by the collection agency for collection. RCW 19.16.250. That information was provided

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 12

to Plaintiff in the Formal Demand Statement set to Plaintiff in advance of collection action. (See Exhibit D to Declaration of David Garner). In addition, the statute prohibits a collection agency from collecting or attempting to collect, in addition to the principal amount of the claim, any sum other than allowable interest. The 12%, post assignment interest charged by Quick Collect is allowable.

In short, Plaintiff's claim that Quick Collect violated RCW 19.16.250 is the same as her Fair Debt Collection Practices Act claim – that the Complaint filed by Greg Nielson P.S. on Quick Collect's behalf was confusing or misleading because it did not break the $32.89 figure down into Dr. Garabedian's late charge ($26.30) and the post assignment 12% interest charged by Quick Collect Inc. ($6.59). For the reasons set forth above, that would be an overly formalistic interpretation of RCW 19.16.250 which would lead to absurd results.

**D.    <u>Quick Collect did not violate the Consumer Protection Act</u>**

Plaintiff contends that defendant's violations of the FDCPA and RCW 19.16.250 constitute per se violations of the Consumer Protection Act, RCW

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 13

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

19.86.020.  Because, as demonstrated above, Quick Collect did not violate the FDCPA or RCW 19.16.250, Plaintiff has no claim under RCW 19.86.020.

**E.**    **Plaintiffs Class Averments Should Be Dismissed As Plaintiffs Claims Do Not Meet The Fed.R.Civ.P. 23 Requirements For A Class Action**

In her Complaint, plaintiff Debbie Donohue, purportedly as the representative of a class, sets forth numerous class averments, tracking the requirements of Fed.R.Civ.P 23. For the reasons set forth below, those class averments/claims should be dismissed.

The specific threshold requirements set forth in Rule 23(a) must be met before a class action can proceed. That portion of the rule states:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact, to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to meeting all four prerequisites of Rule 23(a), a class action must satisfy one of the three requirements set forth in subdivision 23(b), which provides in pertinent part:

> An action may be maintained as a class action if the prerequisites of Section (a) are satisfied, and in addition:

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 14

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interest; or

(2) the party opposing the class has acted or refused to act on grounds general applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that questions of law or fact common to members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy . . .

The trial court's decision to certify a class is discretionary and will not be disturbed on appeal absent abuse.  <u>Yamamoto v. Omiga</u>, 564 F.2d 1319, 1323 (9th Circ. 1977).

A court should order class certification only after conducting a rigorous analysis to ensure that the plaintiff seeking class certification has satisfied the governing rules' prerequisites.  <u>Zinger v. Accufix Research Institute Inc.</u>, 253 F.3d 1180, 1186 (9th Circ. 2001). In determining whether the requirements of the

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 15

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

rule governing class actions have been met, going beyond the pleadings may be necessary, as the court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues. Szabo v. Bridgeport Machs., Inc., 249 F.3d 672 (7th Cir. 2001) (court not required to accept allegations in complaint as true when determining whether to grant class certification, but instead must make whatever factual and legal inquiries are necessary to ensure that prerequisites and requirements for certification are satisfied).

## 1. Numerosity

A basic threshold issue is numerosity. In submissions to this Court, plaintiff has identified only six purported class members. A number of Federal Circuit Courts have held that numerosity is presumed at the level of 40 members. *See e.g.* C.E. Mailloux v. Arrow Financial Services, LLC, 204 F.R.D. 38 (E.D. NY 2001). There are numerous federal cases rejecting class certification where the purported class contains less than 15 members. *See e.g.* Hill v. American Airlines, 479 F.2d 1057 (5th Cir. 1973) (Six members too small); Tate v. Weyerhauser, 723 F.2d 598 (8th Cir. 1983) (Seven members too small); Lee v. Macon County Board of Education, 498 F.2d 1090 (5th Cir. 1974) (Eight

members too small); <u>Alkrie v. Irving</u>, 330 F.3d 806 (6th Cir. 2003) (nine members too small); <u>National Association of Government Employees v. City Public Service</u>, 40f.3d 698 (5th Cir. 1994) (eleven members too small). Ms. Donohue may speculate that there are many more actual or potential class members. However, a higher level of proof than an alleged "common sense impression or extrapolation from cursory allegations is required." <u>Schwartz v. Upper Deck Company</u>, 183 F.R.D. 672 (1999).

To meet the numerosity requirement the court must conclude that a class is sufficiently large so as to render joinder of all of its members impractical in light of the particular circumstances of the case. <u>Sanft v. Winnebago Industries Inc.</u>, 214 F.R.D. 514, 520 (N.D. Iowa 2003). Geographic dispersion of class members is among the factors which may be considered in determining numerosity. *See* <u>Kilgo v. Bowman Transportation Inc.</u>, 789 F.2d 859, 878 (11th Cir. 1986); <u>Zeidman v. Jay Ray McDermit & Company</u>, 651 F.2d 1030, 1038 (5th Cir. 1981). Geographic dispersion generally supports the finding of numerosity because such a finding supports a proposition that joinder is impractical. <u>Sanft,</u> supra, at 523.

Another factor for the Court's consideration with regard to numerosity is whether the identity and addresses of all class members is known. If it is, that

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 17

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

makes joinder more practicable, and cuts against class certification. *See* <u>Sanft</u>, supra at 523.

In considering numerosity, the court may also consider the financial resources of the potential class members with regard to their ability to institute individual lawsuits. <u>Sanft</u>, supra, at 523.

## 2. <u>Typicality</u>

While courts in FDCPA cases frequently find typicality and commonality where the plaintiff's claims are based on an identical form letter received by purported class members, typicality is absent when the communications to individual purported class members are different. *See e.g.* <u>Byes v. Telecheck Recovery Services Inc.</u>, 173 F.R.D. 421 (E.D. Louisiana 1997); <u>Sandlin v. Shapiro and Fishman,</u> 168 F.R.D. 662 (M.D. Florida 1996).

## 3. <u>Adequacy of Representation</u>

Credibility issues may render a plaintiff unable to adequately represent a purported class under rule 23. *See* <u>Savina v. Computer Credit Inc.</u>, 173 F.3d 346 (E.D. NY 1997). Likewise, apparent disinterest and inability to respond to straightforward questions about critical elements of the action at a deposition can

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 18

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

render a plaintiff inadequate. *See e.g.* Jones v. CBE Group Inc., 215 F.R.D. 558 (D. Minnisota 2003).

## IV.    <u>CONCLUSION</u>

Based on the foregoing facts, authorities, and arguments, defendant is entitled to an Order granting its motion and dismissing all of plaintiffs' claims and causes of action with prejudice.

Dated this 10th day of October, 2008.

EVANS, CRAVEN & LACKIE, P.S.

By     s/Christopher J. Kerley, #16489
JAMES B. KING, #8723
CHRISTOPHER J. KERLEY, #16489
Attorneys for Quick Collect, Inc.
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
(509) 455-3632 facsimile
jking@ecl-law.com
ckerley@ecl-law.com

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 19

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1

2

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2008, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF System which will send

notification of such filing to the following: MICHAEL J. BEYER, and I hereby

certify that I mailed by United States Postal Service the document to the

following non CM/ECF participants: N/A.

Dated this 10th day of October, 2008.

EVANS, CRAVEN & LACKIE, P.S.

By ___s/Christopher J. Kerley, #16489

JAMES B. KING, #8723
CHRISTOPHER J. KERLEY, #16489
Attorneys for  Quick Collect, Inc.
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
(509) 455-3632 facsimile
jking@ecl-law.com
ckerley@ecl-law.com

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT:  page 20

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632