1  MICHAEL J. BEYER
2  Attorney at Law
3  1403 W. Broadway Ave.
   Spokane, WA. 99201
4  (509) 499-1877

5

6

7                    UNITED STATES DISTRICT COURT
8           FOR THE EASTERN DISTRICT OF WASHINGTON

9
   DEBBIE DONOHUE, and all other        )
10 similarly situated persons,          )
                                        )  No. CV-08-150-LRS
11        Plaintiffs,                    )
   v.                                    )  MEMORANDUM IN
12                                       )  OPPOSITION TO
                                        )  DEFENDANT'S MOTION
13                                       )  FOR SUMMARY JUDGMENT
   QUICK COLLECT, INC. an Oregon,       )  AND IN SUPPORT OF
14 Corporation, CA 00206                )  PLAINTIFF'S MOTION
                                        )  FOR SUMMARY JUDGMENT
15        Defendant.                     )
16 ─────────────────────────────────────)
                              * * *
17

18
         COMES NOW the Plaintiff, Debbie Donohue, in response to the Defendant's
19
20 Motion for Summary Judgment and in Support of the Plaintiff's Motion For Summary
21 Judgment concerning liability with respect to the following issues identified by the
22 by the parties:
23       1. Alleged violations of the Federal Fair Debt Collection Practices Act, 15
24 USC § 1692(e) and (f);
25       2. Alleged violation of the state collection agency act, RCW 19.16.250, and
   RCW 19.16.450.

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

3. Alleged consumer protection violations pursuant to RCW 19.86 et seq.

The  Plaintiff, Ms. Donohue respectfully requests the court to deny summary judgment for the Defendant, Quick Collect Inc. as the motion is not properly supported by the facts or law as submitted by the defense and grant the Plaintiff's Motion For Summary Judgment Re: Liability.

STATEMENT OF FACTS

The Plaintiff has submitted her LR 56.1 Statement of Facts.  The Defendant has submitted its LR 56.1 Statement of Undisputed Facts and Plaintiff's has submitted her Reply to Defendant's Statement of Undisputed Facts

I

SUMMARY JUDGMENT FRCP 56 STANDARD

Rule 56. Summary Judgment states:

**(a) By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.
 **(b) By a Defending Party.** A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.
**(c) Serving the Motion; Proceedings.** ... The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.
 **(d) Case Not Fully Adjudicated on the Motion.**
 **(1) Establishing Facts.** If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts including items of damages or other relief are not genuinely at issue. The facts so specified must be treated as established in the action.

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

 **(2) Establishing Liability.** An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

**(e) Affidavits; Further Testimony. (1) In General.** A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits. **(2) Opposing Party's Obligation to Respond.** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must  by affidavits or as otherwise provided in this rule set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party. [Amended April 30, 2007, effective December 1, 2007.]

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as other wise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. If the court determines that there are genuine issues of material fact the motion for summary judgment must be denied. FRCP 56." A summary judgment is neither a method of avoiding the necessity for proving one's case nor a clever procedural gambit whereby a claimant can shift to an adversary the burden of proof on one or more issues." *Watts v. United States*, 703 F.2d 346, 347 ( 9th Cir. 1983). Rather, claimant must identify those portions of the record, the affidavits, admissions, interrogatories and depositions that

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

substantiate an absence of genuine issues of material fact. *Baxter v. Weldotron Corp.* 840 F. Supp 111, 113 (D.C. Utah 1993). In short, the claimant must establish what is the truth, *Poller v. Columbia Broadcasting Systems Inc.* 368 U.S. 464 (1962) and any doubt as to any fact in issue must be resolved against the claimant. *Pepper & Tanner Inc. v. Shamrock Broadcasting, Inc.* 563 F.2d 391 (9th Cir. 1977). In this regard, facts proffered by the non moving party are to be construed as true. *Calnetics Corporation v. Volkswagen of America, Inc.* 532 F2d 674 (9th Cir.1976), cert denied, 429 U.S. 940 1976). Also, and, as represented by the plaintiff in her memorandum, issues of credibility and the weight of the evidence are resolved against the claimant. See, *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255, (1986).

Perhaps most crucial for any claimant to prevail on a motion for summary judgment is the fact that the claimant must establish all the essentials of the proffered claim that would bear on the burden of proof at trial. *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986). In *Celotex*, the defendant was granted summary judgment because the plaintiff could not substantiate an essential element of the claim, i.e, the decease's exposure to asbestos. In reference to the case at bar, the plaintiff must establish all essential elements for her claim and that of the class.

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

II

LIABILITY/MS. DONOHUE/CLASS

1. LAW RE LIABILITY/FEDERAL CLAIMS

Fair Debt Collection Practices Act

The FDCPA codified as 15 USC 1692 is a comprehensive federal statute designed to protect the non-commercial consumer from over zealous collection practices and deception. This legislation would add a new title to the Consumer Credit Protection Act entitled the Fair Debt Collection Practices Act. Its purpose is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors. This bill was strongly supported by consumer groups, labor unions, State and Federal law enforcement officials, and by both national organizations which represent the debt collection profession, the American Collectors Association and Associated Credit Bureaus. Senate Report No. 95-382 Committee on Banking, Housing, and Urban Affairs, Page 1&2. 1977 (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs , and to invasions of individual privacy. (b) Existing

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

laws and procedures for redressing these injuries are inadequate to protect consumers. (c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts. (d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. (e) It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 USC § 1692. Congressional findings and declaration of purpose [Section 802 of P.L.].

The Fair Debt Collection Practices Act prohibits "debt collector[s]" from making false or misleading representations and from engaging in various abusive and unfair practices. *Heintz v. Jenkins*, 115 S. C t. 1489, 13 1 L. Ed. 2d 395 (1995). An intent to deceive the consumer is not a condition to establishing a violation of the act. See. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11 th Cir. 1985.) The FDCPA is a strict liability statute and is not predicated up on establishing intent regarding the violation.

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

Intent or knowledge does however relate to the issue of damages and the bona fide error defense. *Bently v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993); See also, *Russell v. Equifax A. R. S*. 74 F.3d 30 , 35 (2d Cir.1996); *Lindbergh v. Transworld Systems Inc.*, 846 F. Supp. 175 (D. Conn. 1994). (Consumer who failed to respond to validation notice did not show that collector had knowledge that debt was barred by statute of limitation.).

The standard of review by which a court will judge the conduct of the collector to determine if the prohibitions have been violated is the "least sophisticated consumer" or sometimes referred to as the "unsophisticated consumer". *Jeter v. Credit Bureau, Inc.* 760 F.2d 1168 (1985) *Jeter* applied the standard to § 1692 d, 1692e(10) but not to 1692e(5). The court indicated that the "least sophisticated consumer" standard was irrelevant to an alleged violation of § 1692e(5). But see, *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 ( 9th Cir.1988) which took the opposite position regarding 1692e(5). See also, *Russell v. Equifax A. R. S.* 74 F.3d 30, 35 (2d Cir.1996). The least sophisticated standard has been applied to the following sections: 1692e, 1692f, and 1692g.

III

AUTHORITIES AND ARGUMENT

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

MEMORANDUM, PAGE 7

A        LIABILITY ANALYSIS/FEDERAL CLAIMS

USURY

THE DEFENDANT VIOLATED THE FDCPA  § 1692e & f  BY CHARGING A

     USURIOUS INTEREST RATE IN THE COMPLAINT AND IN THE

FEBRUARY 7, 2008 LETTER

The plaintiff contends that the Defendant Quick Collect Inc.  violated 15 USC §

1692e of the Fair Debt Collection Practices Act which reads in pertinent part as

follows:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

> A debt collector may not use any false, deceptive,
> or   misleading   representation   or   means   in
> connection  with  the  collection  of  any  debt.
> Without limiting the general application of the
> foregoing, the following conduct is a violation of
> this section:        ...
>
> (2)  The false representation of–
>
> (A)  the character, amount, or legal status of any debt; ...

The concept of false representation of the character, amount, or legal status

of any debt, would include the following: "character": debts for which there is no

contractual basis to pay i.e. debts of others; receipt of unsolicited mail order

merchandise, debts discharged in bankruptcy and debts barred by the statute of

limitation. "Amount" adding charges that are not authorized by the contract or

applicable law; "legal status", claims barred by statute of limitation or threatening

garnishment when no judgment exists.

The plaintiff, Ms. Donohue specifically asserts the following:

**i.  The Defendant charged more interest than the highest permissible rate.**

RCW 19.52.020 Highest rate permissible - Setup charges.

(1) Any rate of interest shall be legal so long as the rate of interest does not exceed the higher of: (a) Twelve percent per annum; or (b) four percentage points above the equivalent coupon issue yield (as published by the Board of Governors of the Federal Reserve System) of the average bill rate for twenty-six week treasury bills as determined at the first bill market auction conducted during the calendar month immediately preceding the later of (i) the establishment of the interest rate by written agreement of the parties to the contract, or (ii) any adjustment in the interest rate in the case of a written agreement

MICHAEL J. BEYER
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

permitting an adjustment in the interest rate. No person shall directly or indirectly take or receive in money, goods, or things in action, or in any other way, any greater interest for the loan or forbearance of any money, goods, or things in action.

...

[1989 c 14 § 3; 1985 c 224 § 1; 1981 c 78 § 1; 1967 ex.s. c 23 § 4; 1899 c 80 § 2; RRS § 7300. Prior: 1895 c 136 § 2; 1893 c 20 § 3; Code 1881 § 2369; 1863 p 433 § 2; 1854 p 380 § 2.]

Defendant, Quick Collect Inc. in two separate documents, Plaintiff's Exhibits, "A" & "B" has demanded interest in excess of the highest permissible rate of 12%. Exhibit "A", the demand letter sent by its agent, Attorney Gregory A. Nielson requests Ms. Donohue to pay $35.57. The date from which interest is calculated is April 24, 2007 as represented in the Complaint, Exhibit "B", page 2. The demand letter is dated February 7, 2008. Calculating days, there were 289 days from April 24, 2007 through February 7, 2008. Taking the alleged interest amount of $35.57 and dividing that amount by the principle of $270.99 yields a per diem interest charge of .131259456. Dividing the per day interest rate by the number of actual days (289) and multiplying that figure by the number of days in the year (365) yields an effective annual interest rate of 16.5777514 %.

The Spokane County District Court complaint Exhibit "B", calculates interest from the date of April 24, 2007 through January 8, 2008. That is 259 days of interest. The amount demanded in the complaint is $32.89. Dividing that amount by the principle of $270.99 yields a per diem interest charge of .121369792. Dividing that figure by the number of days (259) and multiplying by the yearly number of days (365) will yield an effective annual percentage rate of 17.1042371 %.

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

Each rate is in excess of the highest permissible rate and therefore a violation of Washington State Law and ultimately a violation of the FDCPA.

The defense will attempt to deflect this argument by defaulting back to the contract executed by Ms. Donohue in July of 2003, Defendant's Exhibit C. The documents in question, in this suit, are the complaint filed by the defendant that was served upon Ms. Donohue on which she contends that the defendants have demanded interest in excess of the highest permissible rate of 12% and the February 7, 2008 letter also demanding interest in excess of the highest permissible rate. This attempt to deflect analysis is misleading as well as the citations cited by the defense which are all from outside the State of Washington. The law of usury is determined by the law of the State of Washington not Idaho or any other state.

The declaration of policy concerning usury is found in RCW 19.52.005 and states as follows:

> RCW 19.52.005, 19.52.020, 19.52.030, 19.52.032, 19.52.034, and 19.52.036 are enacted in order to protect the residents of this state from debts bearing burdensome interest rates; and in order to better effect the policy of this state to use this state's policies and courts to govern the affairs of our residents and the state; and in recognition of the duty to protect our citizens from oppression generally.

Quick Collect Inc. contends that there can be no usury because there is no loan or forbearance using Defendant's Exhibit C, the July 3, 2003 contract. The essence of the Spokane County District Court complaint, Plaintiff's Exhibit "B" and the February 7, 2008 demand letter, Plaintiff's Exhibit "A" from the Defendant's

MICHAEL J. BEYER
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

attorney  is that Ms. Donohue owed a debt, for a principle amount of $270.99.
This is not disputed.   On this debt, the Spokane County District Court complaint,
Plaintiff's Exhibit "B" contends that Ms. Donohue owes the sum of $32.89 for
interest calculated from April 24, 2007 through January 8, 2008, a total of 259
days at the rate of 12% per annum and $35.57 in the letter.  It is not disputed that
the forgoing is exactly what the defendant has requested that the court enter
judgment for against Ms. Donohue and demanded by its agent their attorney.  In
*Rouse v. Peoples Leasing Company*, 96 Wn.2d 722, 638 P.2d 1245 (1982), the
court of appeals held that in determining a loan or forbearance concerning the
issue of usury, the trial court must look through form to substance.  *Rouse* at 727-
728.  Further, a forbearance is a credit sale in which the creditor  refrains from
demanding immediate payment upon furnishing goods or services and the debtor
after acceptance agrees to pay a fixed percentage service charge on the unpaid
balance.  *Whitaker v. Spiegel, Inc.*,  95 Wn.2d 661, 671-673, 637 P.2d 235 (1981).
In this case that is exactly what the defendant did in the Spokane County District
Court complaint and in the letter.

Having established that there is a forbearance as required by the statute, the
analysis is completed concerning the issue of usury by examining the remaining
elements of the inquiry to determine if, (a), is the forbearance for money or its
equivalent? The answer is yes; (b), from the evidence is it established that the
principle amount owed is to be repaid absolutely?  The answer is yes to that
question; (c), is the actual interest rate charged in excess of the maximum
allowable rate of 12 %.  When properly calculated as identified above, the interest
rate charged in the complaint is actually 17.1042371 % and in the February 8,
2008 letter  16.5777514 %,  therefore yes; and (d) that the defendant did intend to
exact the excessive rates. The answer is yes. See *Whitaker* at 672-673.

The court should then conclude that since the interest rates actually calculated and

MICHAEL J. BEYER
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

MEMORANDUM, PAGE 12

demanded in the Spokane County District Court complaint, Plaintiff's Exhibit "B" and its attorney demand letter, Plaintiff's Exhibit "A" are greater than the highest permissible rate, therefore, the defendant, Quick Collect Inc. has violated 15 USC § 1692e of the Fair Debt Collection Practices Act.

<u>MISREPRESENTATION</u>
<u>THE DEFENDANT HAS VIOLATED THE FDCPA 1692e, & f  BY FALSELY REPRESENTING THE INTEREST RATE CHARGED ON THE ACCOUNT IN THE COMPLAINT</u>

Both parties agree that the facts as set forth by the parties in their respective recitations will not change between now and the time of any trial and therefore summary judgment is appropriate.  The issue is not whether the interest calculation should have been broken down further as asserted by the defense.  This is a red herring.  The calculation is not broken down and the plaintiff is not contending that the defendant should have done so.  If the defendant had broken down the calculation as it did in Defendant's Exhibit D then, there would be no issue of misrepresentation.  However, the questions before the court for purposes of the FDCPA analysis are as follows:

> #1.    Did the Defendant, Quick Collect Inc. through their agent, Attorney, Mr. Nielson make a representation in the complaint? The answer is obvious that he did.
>
> #2.    What was the representation? The record of the representation is contained in the complaint filed in the District Court Cause #28098575, Plaintiff's Exhibit "B" and detailed as follows:
>
> "4. ) Defendant (s) became indebted to Plaintiff's

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

assignor (s) :

THE CHILDREN'S CHOICE,"    ...

"6. ) After applying any credits to which plaintiff is due, there remains a principle balance owing on the account the sum of $270.99 together with interest thereon of 12 % per annum from 04-24-07.

WHEREFORE, Plaintiff prays for judgment against the Defendant (s) as follows:

1. ) For the sum of $270.99 together with interest thereon of 12% per annum from 04-24-07 in the amount of $32.89 and any accruing interest to the date of judgment. DATED 08 JAN 2008."

(Declaration of Debbie Donohue; Certified copy of Spokane County District Court cause #28098575)

Simply put, the complaint represents that interest is calculated at the rate of 12% per annum based upon the principle amount of $270.99 for a total interest charge of $32.89.

#3.    Is the representation false, unfair, misleading or deceptive as it applies to the least sophisticated consumer? *Masuda v. Thomas Richards & Co.* 759F. Supp.1456 (C.D. Cal. 1991). *Cravey v. Credit Rating Bureau*, Inc. 1991 U.S. LEXIS 21812 (N.D. Ga. October24, 1991).(application of the least sophisticated consumer standard was appropriate for a summary judgment decision and did not require a jury where facts were not disputed); *Morgan v. Credit Adjustment Board*, Inc. 999 F. Supp. 803 (E. D. Va. 1998)(Actual deception was not necessary to demonstrate that a statement was misleading; *Moore v. Ingram & Associates, Inc.* 805 F. Supp. 7 (D.S.C. 1992)("court must look to whether the

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

letter would mislead a general unsophisticated recipient"); *Terran v. Kaplan*, 109 F. 3rd 1428, 1432-33 (9th Cir. 1997)( whether a debt validation notice in a letter would be confusing to a consumer was a question of law.);  *Parretta v. Capital Acquisitions & Mgmt. Co.*, 203 WL 21383757 (N.D. Cal.May 5, 2003)( what the language used in the collection of a debt conveys to a least sophisticated consumer is a question of law for the court in the ninth circuit)

First, the court should examine the undisputed facts to see if  there is any representation of a "late charge or finance charge" contained in the Spokane County District Court complaint, Plaintiff's Exhibit "B".  The argument of the defense represents that there is a late charge or finance charge  and an interest charge that makes up the total interest charge. Hence, there is no misrepresentation.  The examination of Spokane County District Court complaint. Plaintiff's Exhibit "B", fails to establish that there is a "late charge or finance charge " as that expression  is being used by the defense **in the District Court complaint**.  If there is no evidentiary fact of a "late charge or finance charge"in the complaint, there is no fact.  There is no "late charge or finance charge" and such is a fabrication of the defense.  The court can scour the complaint, Plaintiff's Exhibit "B" and no representation of the sort can be found therein.  This is an undisputed fact.

Perhaps the court may view this issue as one of intent, meaning that the defendant did not intend to misrepresent anything by  representing that interest was calculated at the rate of 12% per annum on the unpaid principle balance.  An intent to deceive the consumer is not a condition to establishing a violation of the act. See. *Jeter v. Credit Bureau. Inc.,* 760 F.2d 1168 (11th Cir. *1985.)*  The FDCPA is a strict liability statute and is not predicated upon establishing intent regarding the

MICHAEL J. BEYER
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

MEMORANDUM, PAGE 15

violation. Intent or knowledge does however relate to the issue of damages and the bona fide error defense. *Bently v. Great Lakes Collection Bureau, 6* F.3d 60 (2d Cir. 1993); See also, *Russell v. Eguifax A. R. 5.* 74 F.3d 30, 35 (2d Cir. 1996); *Lindbergh v. Transworld Systems Inc.,* 846 F. Supp. 175 (D. Conn. 1994). (Consumer who failed to respond to validation notice did not show that collector had knowledge that debt was barred by statute of limitation.).  Even if the court views the representation as confusing only, such is still a violation of the act.  See *Harrison v. NBD Inc.*, 968 F. supp. 837 (E.D.N.Y. 1997)(statement that the "balance due" was $1979 and the consumer's "liability" was $247.00 was open to two interpretations, one of which was false, and therefore it was deceptive).

The document before the court, concerning the misrepresentation issue is the Spokane County District Court  complaint, Plaintiff's Exhibit "B" and not any other document.  There isn't even any representation in the facts in support of the defense motion to substantiate the use of the term "post assignment interest" in the District Court complaint.  This is another expression that the defense uses to mislead the court.  It in not in the complaint, Plaintiff's Exhibit "B" and it is the complaint that is the subject of this litigation concerning the issue of misrepresentation.

Second, in this instance, even though the complaint, Plaintiff's Exhibit "B" specifically represents that the interest  calculation accrues at the rate of 12%,  the actual interest charged is really a composite of two interest rates, 18% which is provided for by Defense Exhibit C and the 12% per annum calculated by the the defendant, collection agency.  (See page 5, paragraph 14, Garner Declaration). The complaint, Plaintiff's Exhibit "B" does not even identify the date of assignment nor does it represent that there is any such factor as "post assignment interest" as discussed above.  In order to be true, these representations would have to be in the complaint.  Absent such, the court simply has the representation as

MICHAEL J. BEYER
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

quoted above on page 15 of this memorandum.  The question is whether the representation that interest is calculated at the rate of 12% per annum is true?  It can't be true because there is no formula that the court or the defense can apply that could calculate 12% from the represented interest figure of $32.89 based upon the stated balance of $270.99  from the date of April 24, 2007 though the date of January 8, 2008.

The difficulty that the defense is having may be with the standard for determining a violation of 1692 e .  The standard is that of the least  sophisticated consumer.  It is that simple and clear. The question is then would the least sophisticated consumer be misled by the representation because it is false?  The answer is inescapably, yes. Even the most sophisticated consumer would be misled by a false statement. There is no way as indicated above, that the statement is anything but false.  If the statement is false, then there is a violation of 1692(e).

The only defense to the plaintiff's claim can be bona fide error which has not even been pled in the motion or in any answer.  Application of this standard is neither formalistic or capable of unreasonable results.  The statute is clear,  there is no standard of "reasonableness", except as it applies to the defense of bona fide error.  The case cited by the defense, McStay v. I.C. System, Inc. 308 F.3d 188, (2nd Cir. 2002), " involved a suit by the consumer alleging that the collection agency violated 1692g because the date on the front of the collection letter  overshadowed the statutorily required statement of the debtor's rights. (Validation Notice detailed on the back of the letter.).  Specifically, McStay argued that despite the debtor's clear right to dispute the debt within thirty days of *receiving* notice, 15 U.S.C. §§ 1692g(b), the front of the letter did not specify whether the thirty-day period would run from the date printed on the letter (February 22, 2000) or from the date when McStay received it (some days later). She claimed that because a specific date appeared on the front of the letter and because the "thirty days" language was

MICHAEL J. BEYER
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

ambiguous, a debtor could easily be confused as to when her rights would begin and end.  The district court stated and the circuit court agreed that

> No consumer, not even the least sophisticated in the court's view, would readily construe the notices on the front and back of the February letter together so as to conclude that he had thirty days from the date of the letter as opposed to from receipt in which to dispute the debt.

The position taken by the consumer was absurd and hence the court's comment that  the concept of reasonableness was preserved. *McStay*, at 192. The court was not dealing with a false representation as is the case before this court.  False is false and suggesting reasonableness doesn't make the statement true.

The FDCPA states as follows:

> FDCPA § 1692f

> FDCPA § 1692f states in pertinent part as follows:  A debt collector may not use unfair or unconscionable means to collect or  attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

The legislative history regarding this section is weak at best. See Senate  Report No. 95-382 Committee on Banking, Housing, and Urban Affairs, Page 4. 1977. There is considerable overlapping with other sections of the FDCPA

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

especially 1692e. The general provisions of this section simply allow the courts
for the future to assess newly evolved collection methods against the background
of fairness and unconscionability.  It is however clear that the defendant represents
one interest rate  and the actual calculation  substantiates that the representation is
false and therefore in violation of this section.

Here, the defendant is representing that the amount of the interest that is owed by
the plaintiff is based upon the calculation of 12% per annum.  The actual
calculation is over 17% and thus the representation of the amount of  interest that
is owed is false and hence a violation of the FDCPA 1692.  *Crossley v. Lieberman*,
90 B.R. 682 (E.D. Pa. 1988)( "The rules of the game have changed.  An attorney
pursuing a debtor ... is required to be truthful"), aff'd, 868 F.2d 566 (3rd Cir. 1989).

The defense cites the case of *Clark v. Capital Credit and Collection Services, Inc.*
460 F.3d 1162 (9th Cir. 2006).  The defense relies almost exclusively on this case
for the proposition used here that Quick Collect Inc.  may reasonably rely upon
information provided by a creditor who has previously  provided  accurate
information in the past negating liability under the FDCPA.  Clark at 1173. There
is nothing in the Declaration of David Garner, submitted in support of the defense
motion,  that represents that the creditor, The Children's Choice has ever provided
accurate information.  **In any event, it is not the creditor that created the
information contained in the complaint, Plaintiff's Exhibit"B"**.  All the
information concerning the interest charged and the calculation thereof  was
prepared by, produced from the computers of  and printed by the Defendant, Quick
Collect Inc.  See Plaintiff's Statement of Undisputed Fact.  This information was
even reviewed by the agencies attorney and the error was not caught.  See
deposition excerpts of Attorney Gregory Nielson submitted in opposition to
Defendant's motion for summary judgment and in support of the plaintiff's motion
to strike and in support of her motion for summary judgment.  The representations

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

MEMORANDUM, PAGE 19

contained in the brief of the defense in support of the its motion for summary
judgment at page 9, lines 19 though 24, are not even support by any recitation of
authority let alone any fact.  The truth is, that, everything contained in the Spokane
County District Court complaint, Plaintiff's exhibit "B" concerning the interest
rate charged and calculated is a production of the Defendant, Quick Collect Inc.
and not the creditor, The Children's Choice.

The Ninth Circuit in *Reichert v. National Credit*, 531 F.3d 1002 (9th Cir. 2008) had
the opportunity to explain its position in *Clark*.  This case is not cited by the
defense.  As represented above, the only defense to a violation of the FDCPA is
bona fide error.  There is no such defense as suggested by the defendant of
reasonable reliance on information provided by the creditor unless it relates to the
issue of bona fide error and then only as it relates to any procedures taken by
Quick Collect Inc. to prevent the error identified here of misrepresentation of the
interest rate.

The court stated in *Reichert*:

> Reichert then filed suit against NCS, alleging that NCS had violated the
> FDCPA by, among other things, seeking to collect amounts not expressly
> authorized by the lease (the $225 fee charge) in violation of 15 U.S.C. **§**
> 1692f .  He moved for summary judgment. NCS { the agency} also moved
> for summary judgment, arguing that it had properly relied on La Privada's
> representation of the debt, or, alternatively, that it had established a bona fide
> error defense. NCS did not argue that the attorney's fee was authorized by the
> agreement or permitted by law.  Rather, NCS argued that the FDCPA did not
> impose strict liability and that its violation had been unintentional.
>
> Under the FDCPA, a debt collector cannot collect "any amount (including
> any interest, fee, charge, or expense incidental to the principal obligation)
> unless such amount is expressly authorized by the agreement creating the
> debt or permitted by law." 15 U.S.C. §§ 1692f(1).   The FDCPA makes debt

MICHAEL J. BEYER
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

collectors liable for violations that are not knowing or intentional. *See Clark*, 460 F.3d at 1176 & n. 11.  It provides a "narrow exception to strict liability," however, for bona fide errors. *Id.* at 1177. The statutory bona fide error defense provides: A debt collector may not be held liable in any action brought under this sub-chapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the *maintenance* of procedures reasonably adapted to avoid any such error. 15 U.S.C. §§ 1692k(c).  In concluding that the FDCPA imposes strict liability, we reasoned in *Clark* that allowing a debt collector to escape liability for unintentional violations would render the bona fide error defense superfluous. 460 F.3d at 1176. The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994). The defense does not protect a debt collector whose reliance on a creditor's representation is unreasonable. *Clark*, 460 F.3d at 1177. The defense requires the defendant to show that it maintains procedures to avoid errors. *Id.* at 1176-77.  We have held that a debt collector failed to meet its burden under the defense when it did not produce evidence of "reasonable preventive procedures" aimed at avoiding the errors. *See Fox*, 15 F.3d at 1514.

NCS concedes that the attorney's fee was not authorized by the lease agreement or permitted under Arizona law, but nevertheless contends that it should escape liability. First, it argues that the creditor's submission of accurate information in the past allowed NCS to rely on the creditor's representations in this case. Urging that this reliance was reasonable, it points to this court's statement in *Clark* that "[l]ogically, if a debt collector reasonably relies on the debt reported by the creditor,  the debt collector will

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

not be liable for any errors." 460 F.3d at 1177.

...

Alternatively, NCS contends that its manager's affidavit satisfied the "procedures" requirement of the statutory bona fide error defense. The fact that the creditor provided accurate information in the past cannot, in and of itself, establish that reliance in the present case was reasonable and act as a substitute for the maintenance of adequate procedures to avoid future mistakes. The declaration submitted by NCS said only that the creditor "has never previously given NCS incorrect information." The fact that the creditor had not made errors in calculating amounts due does not speak to the problem here, the addition of the attorney's fee. NCS did not give reason to justify its reliance on the creditor for the erroneous premise that the attorney's fee could properly be added. As a result, NCS failed to carry its burden of establishing that its reliance upon the creditor was reasonable. When we spoke in *Clark* of the nonliability of a debt collector who "reasonably relies" on the reported debt, we were referring to a reliance on the basis of procedures maintained to avoid mistakes. A debt collector is not entitled under the FDCPA to sit back and wait until a creditor makes a mistake and then institute procedures to prevent a recurrence. To qualify for the bona fide error defense under the FDCPA, **the debt collector has an affirmative obligation to maintain procedures designed to avoid discoverable errors, including, but not limited to, errors in calculation and itemization**. (emphasis added). The latter would include errors in claiming collection expenses of the creditor that could not legitimately be part, of the debt owed by the debtor. If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of "procedures reasonably adapted to avoid any such error" must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

manner in which they were adapted to avoid the error. *See Wilhelm*, 519 F.3d

at 421. Only then is the mistake entitled to be treated as one made in good

faith. Because NCS submitted only a conclusory declaration stating that it

maintained procedures, we hold that it failed to establish a bona fide error

defense under the FDCPA.  *Reichert* at 1006-08.

Likewise, in this case, the only defense available to Quick Collect Inc. is bona fide

error.  Absent an affirmative  showing that it had procedures in place to protect

against errors of the nature exhibited here,  the proper disclosure of the actual

interest rate, there is no defense that can avoid liability for misrepresenting the

actual interest rate charged.  The statement contained in the complaint' Plaintiff's

Exhibit "B" about the interest rate charged and the amount of the interest is false

and hence a violation of 1692e and f.

Further, the defense's reliance on *Goray* v. Unifund CCR Partners, 2007

W.L.4260017 (D. Hawaii 2007) is also in error since there has been no effort to

show that Quick Collect Inc.  had procedures in place to guard against the error

experienced here and hence the fact that the interest amount charged is not broken-

down is totally irrelevant to the analysis of the case.  The complaint charged

$32.89 based upon an interest rate of 12% per annum.  It defies logic, that the

defense can genuinely represent that the statement is true.  There is no

mathematical  formula that the defense could use or proffer to this court that can

make that representation true.

2.      STATE LAW CLAIMS

MICHAEL J. BEYER
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

MEMORANDUM, PAGE 23

CONSUMER PROTECTION

DEFENDANT HAS VIOLATED RCW 19.86.020.

RCW 19.86.020 makes it unlawful to engage in unfair methods of competition and unfair or deceptive acts or practices.  Pursuant to RCW19.86.090, the plaintiff herein has the right to assert a private cause of action against the defendant for the actual damages incurred and for reasonable attorney fees and costs.  The elements of a private WCPA claim are:

1. an unfair or deceptive act or practice;

2. which occurs in trade or commerce;

3. that impacts the public interest;

4. which causes injury to the plaintiff in his or her business or property; and

5. which injury is causally linked to the unfair or deceptive act.

*Washington State Physicians Ins. Exchange & Assn. v. Fisons Corp.*, 122 Wn.2d 299, 312, 858 P.2d 1054 (1993).  The plaintiff contends that in addition to the FDCPA violations the charging of interest in excess of the permissible amount and the misrepresentation of the actual interest charged constitutes a violation of RCW 19.86.020.  The facts as represented in the Declaration of Ms. Donohue and the analysis herein should satisfy the above noted criteria  and liability should be imposed against the defendant for these violations.

Further, the Defendant, Quick Collect Inc., contrary to RCW 19.16.250, the prohibited practices section, by pursuing a usurious claim has violated subsection (14) of RCW 19.16.250.

**MICHAEL J. BEYER**
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877

MEMORANDUM, PAGE 24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>CONCLUSION</u>

For the reasons stated herein the court should  reject the arguments of the defendant.  Plaintiff  requests the court to enter summary judgment against the Defendant, Quick Collect Inc.


Respectfully submitted,

/S/MICHAEL J. BEYER
MICHAEL J. BEYER 9109
Attorney for Plaintiff


CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2008, I  electronically filed the following: Memorandum In Opposition to Defendant's Motion For summary Judgment and In Support of Plaintiff's Motion For Summary Judgment  with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: James B. King, Evan, Craven & Lackie Attorneys for Defendant and I certify that I mailed by United States Postal Service the documents listed above to the following non-CM/ECF participants: n/a
Dated this 5th day of November, 2008.

s/MICHAEL J. BEYER
MICHAEL J. BEYER 9109
Attorney for Plaintiff
1403 W. Broadway
Spokane, Washington 99201
509.499.1877
509.324.9029
mjbeyer@sisna.com

MICHAEL J. BEYER
-Attorney at Law-
1403 W. Broadway Avenue
Spokane, Washington 99201
(509) 499-1877